# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 42 | **DATE** | 9/6/2002 |
| **CASE TITLE** | Ellis Henderson vs. Frank A. Pasquale, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Henderson's motion is not well-taken, it is denied. (16-1)
(11) ■ [For further detail see order attached to the original minute order.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ELLIS M. HENDERSON #A-01615,    )
                                )
            Plaintiff,          )
                                )
      v.                        )   No.  02 C 42
                                )
FRANK A. PASQUALE, et al.,      )
                                )
            Defendants.         )

## MEMORANDUM ORDER

In response to this Court's August 13, 2002 memorandum order ("Order"), either Ellis Henderson ("Henderson") or the officials at Dixon Correctional Center ("Dixon," where Henderson is in custody) has or have submitted a printout reflecting the transactions in Henderson's inmate trust fund account from January 9 through August 15, 2002. That document reflects that the Dixon officials have not--as Henderson had charged in his self-prepared "Motion for Correction of Withdrawing Filing Fees Owe (sic) to the Court"--been acting in violation of the provisions of 28 U.S.C. §1915 ("Section 1915") in making their installment payments to the Clerk of this District Court.

Instead the trust fund account printout shows that the Section 1915(b)(2) requirement of monthly remittances equal to 20% of the deposits in the account has been adhered to (for example, each time that Henderson received $35 in pay from his prison job, $7 was remitted to the Clerk). If anything, the officials have not paid large enough installments (for example,

in May 2002 deposits of $50 and $10 were made to the account from outside sources in addition to $10 in pay, yet the only payment made to the Clerk was $2, rather than $14 as it should have been).

One other comment should be added in response to Henderson's complaint that the payments on account of fees deprive him of funds to be used for commissary purchases. In that respect Henderson should understand that as soon as any amounts are credited to the account, they should be considered as though they are in two separate accounts: (1) 20% as though it were segregated for application toward each lawsuit's unpaid filing fee, with (2) only the remaining amount being made available to Henderson. Section 1915(b)(2)'s reference to the forwarding of payments on account of the filing fee "each time the amount in the account exceeds $10" should be read as applying to the first of those two theoretically separate accounts (to avoid the burden on the prison authorities of making a multitude of small payments[1])--otherwise a prisoner such as Henderson could block the payment of any fees by spending the money in the account as fast as it came in. Finally, Henderson also cannot complain that multiple 20% installment payments are being made on account of the filing fees because he has filed more than one lawsuit--that

---

[1] Dixon's personnel are not taking advantage of that provision--another mistake in addition to the one mentioned in the preceding paragraph of the text.

2

too is what the statute requires.

For all those reasons Henderson's motion is not well-taken. It is denied.

/s/ Milton I. Shadur
Milton I. Shadur
Senior United States District Judge

Date: September 6, 2002